**STATE of Minnesota, Respondent,**

v.

**Harold Allan GUSTAFSON, Appellant.**

**No. 47633.**

Supreme Court of Minnesota.

May 12, 1978.

Rehearing Denied June 20, 1978.

C. Paul Jones, Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary Flakne, County Atty., Vernon Bergstrom, David Larson and Lee Barry, Asst. County Attys., Minneapolis, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of a charge of aggravated assault, Minn.St. 609.225, subd. 1, and 609.05, and was sentenced by the trial court to a maximum term of 10 years in prison. On this appeal from judgment of conviction, defendant contends (1) that the admission of inconsistent grand jury testimony of a key prosecution witness for impeachment purposes violated his Sixth Amendment right to confront his accuser, (2) that the trial court abused its discretion in permit-

ting the victim's mother to testify as to his physical condition before and after the alleged assault when defendant was willing to stipulate to great bodily harm, and (3) that there was, as a matter of law, insufficient evidence of guilt. We affirm.

1. Early on August 1, 1976, Sharon Farnham of North Minneapolis was awakened by the sounds of a fight coming from the street in front of her house. Although she could not see clearly what was happening, she saw an automobile, a motorcycle, and two standing figures. After waking her husband, Mrs. Farnham called the police. Mr. Farnham turned the house lights on and off in order to let the people know someone was watching them. This apparently had an effect because they heard someone say repeatedly, "Harold, stop it" and "Let's get out of here." The two figures immediately got into the automobile, and the automobile drove away. Mr. and Mrs. Farnham then went outside and found the driver of the motorcycle in a coma lying on the street. As of the date of the trial, he was still disabled and unable to testify, and the prognosis was that his disabled condition would continue.

The state's theory of the case was that defendant was the "Harold" who either beat the cyclist or participated in beating him. Its key witness was defendant's girlfriend, Kathleen Shanesy, who had testified before the grand jury that defendant was the one who had beaten the victim. At trial, however, Ms. Shanesy, although placing defendant at the scene of the beating, denied that she had seen defendant strike the victim. Since this testimony was adverse and since the state was surprised by it, the court permitted the state to cross-examine Ms. Shanesy about her prior inconsistent testimony and to introduce, for impeachment purposes only, the relevant grand jury testimony of Ms. Shanesy. See, *State v. Saporen,* 205 Minn. 358, 285 N.W. 898 (1939).[1]

Defendant's contention on appeal is that he was denied his Sixth Amendment right of confrontation because, although Ms. Shanesy testified at trial and was subjected to cross-examination, her memory about the events in question was so clouded as to effectively deny him his right of confrontation. In making this contention, defendant points to *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), where the Supreme Court deferred decision of this issue in holding that Green's right of confrontation was not violated by admission of a prior inconsistent statement of a prosecution witness claiming memory loss. The court ruled that there was no violation of the right of confrontation because the declarant testified at trial, the jury was able to observe his demeanor and evaluate his credibility as a witness, and defense counsel had an adequate opportunity to cross-examine him.

■ The instant case is similar to *Green* because Ms. Shanesy testified at trial, the jury was able to observe her demeanor and evaluate her credibility as a witness, and defense counsel had an opportunity to cross-examine her. Although defendant claims that his ability to cross-examine Ms. Shanesy was severely diminished by her memory loss, this case does not present the issue deferred by the court in the *Green* case because on the key matters Ms. Shanesy did not claim memory loss. Specifically, she insisted that she did not see defendant or anyone else hit the victim. Accordingly, we conclude that defendant's right of confrontation was not violated.

2. Defendant's second contention is that the trial court abused its discretion in permitting the victim's mother to testify as to his physical condition before and after the alleged assault. Defendant points out that he offered to stipulate to great bodily harm and argues that the potential of this evidence for unfair prejudice was strong

---

1. Rule 607, Rules of Evidence, which was not in effect at the time this case was prosecuted, permits a party to attack the credibility of his own witness without showing surprise. Rule 801(d)(1), Rules of Evidence, changes the rule that prior inconsistent statements are admissible only for impeachment purposes.

enough to substantially outweigh the probative value it might have.[2]

The general rule is that a defendant's judicial admission or offer to stipulate that certain facts are true does not necessarily take away the state's right to offer evidence on a point, but that "[c]ases may arise where unduly prejudicial evidence, which is without relevance beyond the defendant's judicial admissions, should not be received." *State v. Wiley,* 295 Minn. 411, 421, 205 N.W.2d 667, 675 (1973). Here, it is true that defendant was willing to stipulate great bodily harm. However, the testimony of the victim's mother did not just bear on the matter of what his condition was after August 1, but related to what it was before August 1 and also to whether the great bodily harm resulted from a beating, a point which defendant refused to stipulate.

3. There is no merit to the contention that the evidence was, as a matter of law, insufficient to justify a verdict of guilty.

Affirmed.

---

2. See, *State v. Gavle,* 234 Minn. 186, 208, 48 N.W.2d 44, 56 (1951), and Rule 403, Rules of Evidence.